# EXHIBIT C

IN THE IOWA DISTRICT COURT IN AND FOR LINN COUNTY

| | |
|---|---|
| JENNIFER S. JENKINS<br><br>　　Plaintiff,<br><br>v.<br><br>MEDICAL LABORATORIES OF EASTERN IOWA, INC.<br><br>　　Defendant. | LINN COUNTY CASE NO.: LACV71633<br><br>NOTICE OF REMOVAL |

PLEASE TAKE NOTICE that Medical Laboratories of Eastern Iowa, Inc., Defendant, has on this date filed a Petition for Removal of this action to the United States District Court for the Northern District of Iowa. A true and correct copy of Defendant's Petition for Removal is attached hereto and filed with the Court in accordance with 28 U.S.C. §1446.

Respectfully submitted,

Date: March 11, 2011

GLENN JOHNSON    AT0003856
NYEMASTER, GOODE, WEST, HANSELL
& O'BRIEN, PC
625 First Street SE, Suite 400
Cedar Rapids, IA  52401
Telephone:   319.286.7000
Facsimile:    319.286.7050
Email:         gjohnson@nyemaster.com

ATTORNEY FOR DEFENDANT
MEDICAL LABORATORIES OF EASTERN IOWA, INC.

Copy to:

Matt J. Reilly
EELLS & TRONVOLD LAW OFFICES, P.L.C.
1921 51st Street NE
Cedar Rapids, IA 52402

ATTORNEY FOR PLAINTIFF

> **CERTIFICATE OF SERVICE**
>
> The undersigned hereby certifies that a copy of this document was served upon counsel of record for each party to the action in compliance with FRCP 5 on March 11, 2011 by:
>
> [ ] Electronically via ECF for ECF registrants
> [x] U.S. Mail
> [ ] Fax _____
> [ ] Fed Ex _____
> [ ] Hand Delivered _____
> [ ] other _____
>
> */s/ Sharon K. Carney*

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| JENNIFER S. JENKINS<br><br>Plaintiff,<br><br>v.<br><br>MEDICAL LABORATORIES OF EASTERN IOWA, INC.<br><br>Defendant. | CIVIL CASE No. _____<br><br>(LINN COUNTY CASE NO.: LACV71633)<br><br>PETITION FOR REMOVAL |

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant, Medical Laboratories of Eastern Iowa, Inc. ("MedLabs") hereby gives notice of its removal of the above captioned action from the Iowa District Court for Linn County to this United States District Court for the Northern District of Iowa.

In support of its Petition, MedLabs hereby sets forth the below statements relevant to this Petition:

1.  On or about February 10, 2011, Jennifer S. Jenkins, Plaintiff, commenced this action against MedLabs by serving it with a copy of the Summons and Complaint. A true and correct copy of the Summons and Complaint is attached hereto as Exhibit A.

2.  No other pleadings have been filed by either party in the state court action, Linn County District Court, Case No. LACV71633.

3. Plaintiff's Complaint includes claims arising under the Americans with Disabilities Act (ADA), as amended, 42 U.S.C. §12101, *et. seq.* *See*, Petition at Law, Exhibit A.

4. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331, in that this action arises under the laws of the United States. *See*, Petition at Law, Exhibit A.

5. This Court may exercise supplemental jurisdiction over all the other claim pleaded in Plaintiff's Petition, Exhibit A, pursuant to 28 U.S.C. § 1367(a), in that the claims are so related to the claim within the original jurisdiction of this Court that the claims form part of the same case or controversy.

6. The above-entitled action is one that may be removed to this Court by MedLabs pursuant to the provisions of 28 U.S.C. §1441 and 28 U.S.C. §1446.

7. This Court is the District Court of the United States for the district and division embracing the place where the action is currently pending.

8. This Petition for Removal is filed with this Court within 30 days after receipt by MedLabs of a copy of the initial pleadings, through service of process or otherwise, setting forth the claims for relief on which this action is based. *See*, Proof of Service, Exhibit B.

9. True and correct copies of this Petition for Removal, with accompanying exhibits, and the Notice of Removal directed to the state court are being served upon counsel for Plaintiff and filed with the Office of the Clerk of Court for the Iowa District Court for Linn County on this date, in accordance with the requirements of 28 U.S.C.

§1446(d). Attached hereto as Exhibit C is a true and correct copy of the Notice of Removal filed with the State Court to which this Petition and attachments were appended.

**WHEREFORE**, Medical Laboratories of Eastern Iowa, Inc., Defendant, respectfully requests that the instant action, currently pending in the Iowa District Court for the County of Linn, be removed therefrom to this United States District Court for the Northern District of Iowa.

Respectfully submitted,

Date: March 11, 2011

/s/ Glenn Johnson
GLENN JOHNSON (AT0003856)
NYEMASTER, GOODE, WEST, HANSELL
& O'BRIEN, PC
625 First Street SE, Suite 400
Cedar Rapids, IA 52401
Telephone: 319.286.7000
Facsimile: 319.286.7050
Email: gjohnson@nyemaster.com

ATTORNEY FOR DEFENDANT
MEDICAL LABORATORIES OF EASTERN
IOWA, INC.

Copy to:

Matt J. Reilly
EELLS & TRONVOLD LAW OFFICES, P.L.C.
1921 51st Street NE
Cedar Rapids, IA 52402

ATTORNEY FOR PLAINTIFF

---

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of this document was served upon counsel of record for each party to the action in compliance with FRCP 5 on <u>March 11, 2011</u> by:

[ x ] Electronically via ECF for ECF registrants
[ x ] U.S. Mail
[ ] Fax _____
[ ] Fed Ex _____
[ ] Hand Delivered _____
[ ] other _____

<u>/s/ Glenn Johnson</u>

---

4

# EXHIBIT A

| THE IOWA STATE BAR ASSOCIATION<br>Official Form No. 301 | Matt J. Reilly | FOR THE LEGAL EFFECT OF THE USE OF<br>THIS FORM, CONSULT YOUR LAWYER |



# THE IOWA DISTRICT COURT
## LINN COUNTY

JENNIFER S. JENKINS,

Plaintiff(s),

VS.

MEDICAL LABORATORIES OF EASTERN IOWA, INC.,

Defendant(s).

LAW ☒
EQUITY ☐ No. 71633
DATE PETITION FILED: 2-2-11

**ORIGINAL NOTICE**

TO THE ABOVE-NAMED DEFENDANT(S):

You are notified that a petition has been filed in the office of the clerk of this court naming you as the defendant(s) in this action. A copy of the petition (and any documents filed with it) is attached to this notice. The name(s) and address(es) of the attorney(s) for the plaintiff(s) (is) (are) Matt J. Reilly, Eells & Tronvold Law Offices, P.L.C., 1921 51st Street NE, Cedar Rapids, IA 52402

The attorney's(s') phone number(s) (is) (are) 319-393-1020

facsimile number(s) 319-393-4000

You must serve a motion or answer within 20 days after service of this original notice upon you, and within a reasonable time thereafter, file your motion or answer with the Clerk of Court for Linn County, at the county courthouse in Cedar Rapids Iowa. If you do not, judgment by default may be rendered against you for the relief demanded in the petition.

If you require the assistance of auxiliary aids or services to participate in court because of a disability, immediately call your district ADA coordinator at (319) 398-3920, ext. 200 (If you are hearing impaired, call Relay Iowa TTY at 1-800-735-2942.)

(SEAL)

*SHARON K. MODRACEK*

CLERK OF COURT
Linn _[signature]_ County Courthouse,
Cedar Rapids, Iowa 52401

**IMPORTANT: YOU ARE ADVISED TO SEEK LEGAL ADVICE AT ONCE TO PROTECT YOUR INTERESTS**

© The Iowa State Bar Association 2003
IOWADOCS®

301 ORIGINAL NOTICE FOR PERSONAL SERVICE
Revised January, 1999

IN THE IOWA DISTRICT COURT IN AND FOR LINN COUNTY

| | |
|---|---|
| JENNIFER S. JENKINS | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) LAW No. 71633 |
| | ) |
| MEDICAL LABORATORIES OF | ) |
| EASTERN IOWA, INC. | ) |
| | ) |
| Defendant. | ) |

## PETITION AT LAW AND JURY DEMAND

COMES NOW, the Plaintiff Jennifer S. Jenkins, and for her cause of action against the Defendant Medical Laboratories of Eastern Iowa, Inc. states:

### PARTIES, JURISDICTION, AND VENUE

1. That Plaintiff Jennifer S. Jenkins is, and at all material times hereto, was a resident of Linn County, Iowa.

2. That Defendant Medical Laboratories of Eastern Iowa, Inc. [hereinafter "Medlabs"] is an Iowa Corporation, whose registered agent is Theodore Townsend, 1026 A Ave. N.E., Cedar Rapids, IA, 52402.

3. Venue in Linn County is appropriate because the alleged illegal employment practices occurred in this county.

4. Damages exceed the statutory limits for small claims court.

5. Plaintiff has exhausted all administrative remedies. A right to sue letter has been issued by the EEOC and the Iowa Civil Rights Commission, and this action has been brought within the ninety (90) day time limit set forth in said Notices.

## FACTUAL ALLEGATIONS

6. Plaintiff Jennifer S. Jenkins began working for Medlabs on or about August 15, 2007 as a full time employee. At all times during her employment, Plaintiff's performance met or exceeded her employer's reasonable expectations.

7. Plaintiff was a medical lab technician. A significant portion of Plaintiff's work in that position involved drawing blood.

8. In April 2009 Plaintiff injured her back at work. Initially she was to alternate between standing and sitting, but ultimately Plaintiff's doctor restricted her to doing seated work only. The change in restrictions was made in approximately March 2010.

9. This restriction made Plaintiff's pain more tolerable, but not her working conditions. Plaintiff was not to do anything that required bending, which prohibited her from doing some of the testing and from drawing blood. This forced Plaintiff's coworkers to pick up the slack.

10. After the restrictions were put in place, Plaintiff Jennifer S. Jenkins began being treated very poorly by her coworkers. Plaintiff would not be spoken to for hours at a time, work related questions were not answered, and Plaintiff was being looked at in a way that she could tell that my coworkers were very upset with her. At times the coworkers would act like Plaintiff was not there. At other times, Plaintiff was snapped at. This made it extremely difficult for Plaintiff to do her job.

11. After being unable to work out the situation with her two coworkers, Plaintiff decided to report the harassment that she was being subjected to management. This is consistent with Med Lab's employee handbook, which directs that a person that believes that they are being

2

mistreated by a coworker needs to talk to someone in management. Such discussions were to be confidential.

12. There was nobody in management that Plaintiff could report harassment to at my worksite.

13. Plaintiff Jennifer S. Jenkins did not believe that the complaint could be made by phone because there would have been no privacy. Even using a cell phone would have required Plaintiff to leave the job site.

14. Plaintiff did not feel that she could have waited until the end of her shift to report the ongoing harassment, and thus on Friday April 9, 2010, Plaintiff clocked out and drove straight to Medlab's main laboratory to report the harassment to her supervisor.

15. Plaintiff reported the harassment to her supervisor, Patricia Goehring. At the end of the meeting, Plaintiff was told by Ms. Goehring that Plaintiff was free to go home for the day. Plaintiff had been ready, willing and able to finish her shift that day.

16. Plaintiff Jennifer S. Jenkins worked on Monday, her next scheduled shift. Plaintiff also reported to work on Tuesday, April 13, 2010. Ms. Goehring showed up after lunch and handed Plaintiff and her coworkers a two page excerpt from the employee handbook. The handout indicated that Medlabs would not allow any employee to "discriminate, harass, annoy or threaten another employee" and that "Employees that feel that they are being mistreated by another employee for any reason needs to talk to a person in a managerial position, and all such discussions will be held confidential."

17. Ms. Goehring then took Plaintiff out in the hallway to discuss matters, but there were too many patients and they had to leave the building to discuss matters in private. Once we

3

got far enough from the work site so that we could talk in private. Ms. Goehring indicated that she was furious that Plaintiff had left the work site to report harassment the prior Friday.

18. Ms. Goehring also indicated that she was concerned about Plaintiff's weight loss and expressed that she was concerned that Plaintiff may have been overmedicated, making Plaintiff overly sensitive.

19. Ms. Goehring further indicated that Plaintiff needed to go to counseling to work on her interpersonal relationships and to find out why Plaintiff was so sensitive.

20. When Plaintiff Jennifer S. Jenkins indicated that she did not need or want to go to counseling, and that she was not going to go to counseling, Ms. Goehring fired Plaintiff.

## COUNT I
## DISABILITY DISCRIMINATION

21. Due to Plaintiff Jennifer S. Jenkins's symptoms associated with her back injury and her perceived psychological problems, Plaintiff was regarded as being disabled within the meaning of the American's with Disabilities Act and the Iowa Civil Rights Act in that Plaintiff was regarded as being substantially limited in engaging in one or more major life activities.

22. Because of Plaintiff's perceived disability, and in response to and in retaliation for Plaintiff's report of harassment, Plaintiff Jennifer S. Jenkins was discharged.

23. Defendant's actions, as described above, which included, but were not limited to ordering Plaintiff to undergo counseling and terminating Plaintiff's employment, were in violation of the Americans With Disabilities Act and Iowa Code § 216.

24. Defendant Medlabs can offer no valid lawful reason for the discriminatory conduct toward Plaintiff, and any proffered reason by Medlabs is merely a pretext for its illegal actions.

4

25. As a result of Defendant's unlawful employment practices, Plaintiff Jennifer S. Jenkins has suffered and will continue to suffer emotional distress and mental anguish, lost front and back pay and loss of enjoyment and of the ordinary pleasures of life.

26. Defendant Medlabs' actions were willful and wanton, and done in malice or in reckless disregard to the rights of Plaintiff, entitling her to exemplary or punitive damages.

## RELIEF

WHEREFORE, Plaintiff Jennifer S. Jenkins prays that this Court order judgment against Defendant Medical Laboratories of Eastern Iowa, Inc. and award Plaintiff as follows: 1) back pay for the job position which was foreclosed to her due to the Defendant's illegal actions, 2) front pay, 3) prejudgment interest, 4) damages for all employment benefits she would have received but for the discriminatory practices by the Defendants, 5) an award of compensatory damages including emotional distress, 6) punitive damages, 7) reasonable attorneys' fees costs and expenses incurred in pursuing this action, including expert witness fees, 8) and any other relief this Court deems just, equitable or in the public interest.

## JURY DEMAND

COMES NOW Plaintiff Jennifer S. Jenkins, by and through her attorneys, Eells & Tronvold Law Offices, P.L.C., and requests a trial by jury.

EELLS & TRONVOLD LAW OFFICES P.L.C.
1921 51st Street NE
Cedar Rapids, IA 52404
Phone #: (319) 393-1020
Fax #: (319) 393-4000
E-mail: Matt@eells-tronvold.com

By: _____
Matt J. Reilly  AT0006541

**ATTORNEY FOR PLAINTIFF**

# EXHIBIT B

IN THE IOWA DISTRICT COURT IN AND FOR LINN COUNTY

| | |
|---|---|
| JENNIFER S. JENKINS, <br> Plaintiff, <br> vs. <br> MEDICAL LABORATORIES OF <br> EASTERN IOWA, INC., <br> Defendant. | CASE NO. LACV71633 <br><br> **PROOF OF SERVICE** |

COMES NOW the Plaintiff, Jennifer S. Jenkins, by and through her undersigned attorney, and does hereby file with the Clerk the Affidavit of Service dated February 10, 2011.

_____
Matt J. Reilly    AT0006541
**EELLS & TRONVOLD LAW OFFICES, P.L.C.**
1921 51st Street N.E.
Cedar Rapids, Iowa  52402
Phone: 319/393.1020
Facsimile: 319/393.4000
Matt@eells-tronvold.com

ATTORNEY FOR PLAINTIFF

Original Filed.

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing instrument was served upon all parties to the above cause and/or to each of the attorneys of record herein at their respective addresses, as disclosed in the pleadings, on the ___14___ day of __February__, 20_11_.

By: ☒ U.S. Mail        ☐ CM/ECF
    ☐ Hand Delivery   ☐ Facsimile
    ☐ Federal Express ☐ Other
    ☐ United Parcel

IN THE IOWA DISTRICT COURT IN AND FOR LINN COUNTY

Jennifer S. Jenkins

    Plaintiff,

vs

Medical Laboratories of Eastern Iowa, Inc

    Defendants,

LACV71633

AFFIDAVIT OF SERVICE

I, Michael J. Barry, being first duly sworn on oath, and over 18 years of age, do depose and state that on the 10th day of February 2011, I personally served the Original Notice, Petition at Law and Jury Demand, onto Medical Laboratories of Eastern Iowa, Inc by serving Theodore Townsend as registered agent. Accepting service on behalf of Theodore Townsend is Erin Troendle, Administrative Assistant who is authorized and designated to accept court papers.

at 1026 A Avenue NE, Cedar Rapids, Linn County, Iowa at 2pm.

for: Attorneys Process Service

Subscribed and sworn to before me on the 12th day of February 2011

Number of times attempted service
Mileage fee $15.00
Service fee $15.00
Attorney/Client Matt J. Reilly
Total amount due $30.00

ATTORNEYS PROCESS SERVICE P.O. BOX 2272, CEDAR RAPIDS, IOWA 52406-2272
Office 319-431-7000    Fax 319-362-4239    e-mail mike@scubalaw.net    web page www.iowa-process-server.net

Iowa Notary Public
Cathy Barry
Commission number
commission ends June 25, 2011

# EXHIBIT C

IN THE IOWA DISTRICT COURT IN AND FOR LINN COUNTY

| | |
|---|---|
| JENNIFER S. JENKINS<br><br>　　Plaintiff,<br><br>v.<br><br>MEDICAL LABORATORIES OF EASTERN IOWA, INC.<br><br>　　Defendant. | LINN COUNTY CASE NO.: LACV71633<br><br><br>NOTICE OF REMOVAL |

PLEASE TAKE NOTICE that Medical Laboratories of Eastern Iowa, Inc., Defendant, has on this date filed a Petition for Removal of this action to the United States District Court for the Northern District of Iowa. A true and correct copy of Defendant's Petition for Removal is attached hereto and filed with the Court in accordance with 28 U.S.C. §1446.

Respectfully submitted,

Date: March 11, 2011

_____
GLENN JOHNSON　AT0003856
NYEMASTER, GOODE, WEST, HANSELL
& O'BRIEN, PC
625 First Street SE, Suite 400
Cedar Rapids, IA 52401
Telephone:　319.286.7000
Facsimile:　319.286.7050
Email:　　　gjohnson@nyemaster.com

ATTORNEY FOR DEFENDANT
MEDICAL LABORATORIES OF EASTERN IOWA, INC.

Copy to:

Matt J. Reilly
EELLS & TRONVOLD LAW OFFICES, P.L.C.
1921 51st Street NE
Cedar Rapids, IA 52402

ATTORNEY FOR PLAINTIFF

---

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of this document was served upon counsel of record for each party to the action in compliance with FRCP 5 on March 11, 2011 by:

[ ] Electronically via ECF for ECF registrants
[x] U.S. Mail
[ ] Fax _____
[ ] Fed Ex _____
[ ] Hand Delivered _____
[ ] other _____

*Sharon K. Carney*