# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| JENNIFER S. JENKINS<br><br>    Plaintiff,<br><br>v.<br><br>MEDICAL LABORATORIES OF<br>EASTERN IOWA, INC.<br><br>    Defendant. | CIVIL CASE No. 1:11-31-LRR<br><br><br>MEDICAL LABORATORIES OF<br>EASTERN IOWA, INC.'S MOTION FOR<br>SUMMARY JUDGMENT |

Pursuant to Federal Rule of Civil Procedure 56, Defendant, Medical Laboratories of Eastern Iowa, Inc., ("MedLabs") states as follows:

1.    Plaintiff Jennifer Jenkins has asserted federal and state employment-law claims against her former employer, MedLabs.

2.    There is no genuine issue of material fact.

3.    MedLabs is entitled to summary judgment on each of Jenkins' claims:

    A.  <u>Disability discrimination claims</u>.

    Jenkins alleges discrimination because of a perceived disability. Most of Jenkins' allegations are insufficient to establish even a prima facie case of disability discrimination. The only allegations sufficient to ostensibly establish a prima facie case are Jenkins' allegations that her employment was terminated because her back condition was perceived to be a disability.

1

MedLabs had a legitimate, nondiscriminatory reason to terminate Jenkins' employment. Jenkins refused to comply with the condition of continued employment that MedLabs imposed on Jenkins and her two coworkers: to participate with an Employee Assistance Program counselor in an effort to eliminate the personality conflict that Jenkins alleged had developed between the three coworkers. As a matter of law, Jenkins cannot establish that this reason is pretextual.

### B. Hostile work environment claim.

Because Jenkins' Petition does not expressly articulate a hostile work environment claim, she should be precluded from asserting such a claim. If Jenkins is nonetheless attempting to assert such a claim, and if the Court were to allow such a claim, it would fail as a matter of law. Jenkins alleges that a personality conflict developed between herself and two of her coworkers. Even if Jenkins' allegations are taken as true for purposes of this Motion, as a matter of law they do not articulate actionable harassment affecting the terms, conditions, or privileges of employment.

### C. Retaliation claims.

Jenkins alleges that her employment was terminated because she reported harassment. Jenkins cannot establish even a prima facie case of retaliation because, as a matter of law, she did not engage in protected

activity. Even if Jenkins could establish a prima facie case, her claim would fail as a matter of law because MedLabs had a legitimate, nondiscriminatory reason for the termination of her employment. Jenkins steadfastly refused to comply with the condition of continued employment that MedLabs imposed on Jenkins and her two coworkers, as explained above.

4. In support of this Motion, MedLabs is simultaneously filing a Brief, Statement of Facts, and Appendix, all of which are incorporated herein.

**WHEREFORE**, MedLabs respectfully requests that the Court grant summary judgment in its favor on all of Jenkins' claims.

Date: _March 19, 2012_

/s/ Glenn Johnson
GLENN JOHNSON (AT0003856)
NYEMASTER GOODE, PC
625 First Street SE, Suite 400
Cedar Rapids, IA 52401
Telephone:   319.286.7000
Facsimile:    319.286.7050
Email:        gjohnson@nyemaster.com

ATTORNEY FOR DEFENDANT
MEDICAL LABORATORIES OF EASTERN
IOWA, INC.

3

Copy to:

Matt J. Reilly
EELLS & TRONVOLD LAW OFFICES, P.L.C.
1921 51st Street NE
Cedar Rapids, IA 52402

ATTORNEY FOR PLAINTIFF

---

*CERTIFICATE OF SERVICE*

The undersigned hereby certifies that a copy of this document was served upon counsel of record for each party to the action in compliance with FRCP 5 on
_March 19, 2012_

[ x)] Electronically via ECF for ECF registrants
[  ] U.S. Mail
[  ] Fax _____
[  ] Fed Ex _____
[  ] Hand Delivered _____
[  ] other _____

/s/ Glenn Johnson

4